IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Progressive Casualty Insurance Company, | )<br>)<br>) |
| Plaintiff, | )<br>) C.A. 1:20-cv-960 |
| v. | )<br>) COMPLAINT FOR |
| Future Van Lines, LLC, Brandon Roseboro, Vecchio McKethean, Penske Truck Leasing Corporation, | ) DECLARATORY RELIEF<br>)<br>)<br>) |
| Defendants. | )<br>) |

Plaintiff, Progressive Casualty Insurance Company, by and through its undersigned attorneys, complaining of the Defendants herein, seeks a declaratory judgment from this Honorable Court as set forth below.

## PARTIES AND JURISDICTION

1. Progressive Casualty Insurance Company ("Progressive") is a corporation organized under the laws of the State of Ohio, with its principal place of business in Ohio.

2. Future Van Lines, LLC ("Future"), is a limited liability company organized and existing under the laws of Maryland, all of whose members are citizens and residents of Maryland.

3. Brandon Roseboro is a citizen and resident of Washington, DC.

4. Vecchio McKethean is a citizen and resident of Maryland.

5. Penske Truck Leasing Corporation ("Penske") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in New Jersey.

1

6. This is an action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and Federal Rules of Civil Procedure, Rule 57, for the purposes of determining a question of actual controversy between the parties as hereinafter more fully appears.

7. Jurisdiction is proper in this Court, pursuant to 28 U.S.C. § 1332, because the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

8. Venue is proper in this District pursuant to §1391(b)(2), because this district is where a substantial part of the events or omissions giving rise to the claim occurred.

## FACTUAL BACKGROUND

9. On or about the 18th of July 2019, Future leased a 2020 26-foot-long panel truck, VIN 1FVACWFCX LHN5638, Maryland license plate number 8DN2468, from Penske ("Leased Vehicle").

10. At all relevant times, Defendant Roseboro and Defendant McKethean were employed by Future.

11. On or about July 18, 2019, Future assigned Defendant Roseboro and Defendant McKethean to transport and deliver furniture from Maryland to Georgia.

12. At approximately 7:00PM on July 18th, 2019, the Leased Vehicle was involved in an accident on Interstate 1-85 near South Main Street and Archdale Road in Randolph County, North Carolina (the "Accident").

13. At the time of the Accident, Future was insured under a Commercial Auto Policy issued by Progressive (Policy No. 06483587-1) (the "Progressive Policy") with effective dates of January 23, 2019 to January 23, 2020 and having combined single liability limits of

$1,000,000.00. A true and accurate copy of the Progressive Policy, its endorsements, and its declaration pages is attached to this Complaint as **Exhibit A**.

14. The terms of the Progressive Policy provide, in relevant part:

### DUTIES IN THE EVENT OF AN ACCIDENT OR LOSS

For coverage to apply under this policy, **you** or the person seeking coverage must promptly report each **accident** or **loss** even if **you** or the person seeking coverage is not at fault. Refer to your policy documents for the claims phone number. **You** or the person seeking coverage must also obtain and provide **us** the names and addresses of all persons involved in the **accident** or **loss**, the names and addresses of any witnesses, and the license plate numbers of the vehicles involved…

A person seeking coverage must:
1. cooperate with **us** in any matter concerning a claim or lawsuit;
2. provide any written proof of loss **we** may reasonably require;
3. allow **us** to take signed and recorded statements, including sworn statements and examinations under oath, which **we** may conduct outside the presence of **you**, a **relative**,

or any person claiming coverage, and answer all reasonable questions **we** may ask as often as **we** may reasonably require;…
…7. authorize **us** to obtain medical and other records;
…9. allow **us** to have the damage to an **insured auto** or other **auto** involved in an **accident** or **loss** inspected and appraised before its repair or disposal; and
10. authorize **us** access to **your** business or personal records as often as **we** may reasonably require.

. . .

### GENERAL DEFINITIONS

**The words and phrases below, whether in the singular, plural or possessive, have the following special meanings when appearing in boldface type in this policy, and in endorsements issued in connection with this policy, unless specifically modified.**

…

5. "**Insured auto**" or "**your insured auto**" means:
   a. Any **auto** specifically described on the **declarations page**; or
   b. An additional **auto** for Part I - Liability To Others and/or Part II - Damage To Your Auto on the date **you** become the owner if:
      (i) **you** acquire the **auto** during the policy period shown on the **declarations page**;
      (ii) **we** insure all **autos** owned by **you** that are used in **your** business;
      (iii) no other insurance policy provides coverage for that **auto**; and
      (iv) **you** tell **us** within 30 days after **you** acquire it that **you** want **us** to cover it for that coverage.
   If **you** add any coverage, increase **your** limits or make any other changes to this policy during the 30 day period after **you** acquire an additional **auto**, these

3

changes to **your** policy will not become effective until after **you** ask **us** to add the coverage, increase **your** limits or make such changes for the additional **auto**. **We** may charge premium for the additional **auto** from the date **you** acquire the **auto**.

With respect to Part I - Liability To Others, if **we** provide coverage for an additionally acquired **auto** in accordance with this paragraph b., **we** will provide the same coverage for such additional **auto** as **we** provide for any **auto** shown on the **declarations page**.

With respect to Part II - Damage To Your Auto, if **we** provide coverage for an **auto you** acquire in addition to any **auto** specifically described on the **declarations page**, and the additional **auto** is:
(i) a **private passenger auto**, **we** will provide the broadest coverage **we** provide for any **auto** shown on the **declarations page**; or
(ii) any **auto** other than a **private passenger auto**, and **you** have purchased Physical Damage coverage for at least one **auto** other than a **private passenger auto**, **we** will provide the broadest coverage for which the newly acquired **auto** is eligible.

c. Any replacement **auto** on the date **you** become the owner if:
(i) **you** acquire the **auto** during the policy period shown on the **declarations page**;
(ii) the **auto** that **you** acquire replaces one specifically described on the **declarations page** due to termination of **your** ownership of the replaced **auto** or due to mechanical breakdown of, deterioration of, or **loss** to the replaced **auto** that renders it permanently inoperable; and
(iii) no other insurance policy provides coverage for that **auto**.

If **we** provide coverage for a replacement **auto**, **we** will provide the same coverage for the replacement **auto** as **we** provide for the replaced **auto**. **We** will provide that

coverage for a period of 30 days after **you** become the owner of such replacement **auto**. **We** will not provide any coverage after this 30 day period unless within this period **you** ask **us** to insure the replacement **auto**. If **you** add any coverage, increase **your** limits or make any other changes to **your** policy during this 30 day period, these changes to **your** policy will not become effective until after **you** ask **us** to add the coverage, increase **your** limits or make such changes.

…

14. "**Temporary substitute auto**" means any **auto you** do not own while used with the permission of its owner as a temporary substitute for an **insured auto** that has been withdrawn from normal use due to breakdown, repair, servicing, loss or destruction.

. . .

## PART I - LIABILITY TO OTHERS

**Insuring Agreement- Liability To Others**

Subject to the Limits of Liability, if **you** pay the premium for liability coverage for the **insured auto** involved, **we** will pay damages, other than punitive or exemplary damages, for **bodily injury**, **property damage**, and **covered pollution cost or expense**, for which an **insured** becomes legally responsible because of an **accident**

4

arising out of the ownership, maintenance or use of that **insured auto**. However, **we** will only pay for the **covered pollution cost or expense** if the same **accident** also caused **bodily injury** or **property damage** to which this insurance applies.

**We** will settle or defend, at **our** option, any claim or lawsuit for damages covered by this Part I. **We** have no duty to settle or defend any lawsuit, or make any additional payments, after the Limit of Liability for this coverage has been exhausted by payment of judgments or settlements.

**EXCLUSIONS** - PLEASE READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE FOR AN ACCIDENT OR LOSS WILL NOT BE AFFORDED UNDER THIS PART I - LIABILITY TO OTHERS.

3. **Worker's Compensation**
Any obligation for which an **insured** or an insurer of that **insured**, even if one does not exist, may be held liable under workers' compensation, unemployment compensation, disability benefits law, or any similar law.

5. **Employee Indemnification and Employer's**
**Liability Bodily injury** to:
a. An employee of any **insured** arising out of or within the course of:
 (i) That employee's employment by any **insured**; or
 (ii) Performing duties related to the conduct of any **insured's** business; or
b. The spouse, child, parent, brother or sister of that employee as a
consequence of Paragraph a. above.

This exclusion applies:
a. Whether the **insured** may be liable as an employer or in any other
capacity; and
b. To any obligation to share damages with or repay someone else who
must pay damages because of the injury.

But this exclusion does not apply to **bodily injury** to a domestic employee if benefits are neither paid nor required to be provided under any workers' compensation, disability benefits, or similar law, or to liability for **bodily injury** assumed by the **insured** under an **insured contract**. For the purposes of this policy, a domestic employee is a person engaged in household or domestic work performed principally in connection with a residence premises.

6. **Fellow**
**Employee**
**Bodily injury** to:
a. a fellow employee of an **insured** injured while within the course of their employment
or while performing duties related to the conduct of **your** business.
b. the spouse, child, parent, brother, or sister of that fellow employee as a consequence
of Paragraph a. above.

To the extent required under the laws of the State of Maryland, the exclusions under this Part I:
1. will not apply to the extent that the damages are within the minimum limits of liability coverage as required by Section 17-103 of the Transportation Article of the Maryland Code Annotated, as amended; and
2. will apply to damages resulting from an accident that exceed the minimum limits as required by Section 17-103 of the Transportation Article of the Maryland Code Annotated, as amended.

1. **Coverage Required by Filings**

> If **we** have filed a certificate of insurance on **your** behalf with any regulatory or governmental agency, and:
>> (i) **we** are required to pay any judgment entered against **you**; or
>> (ii) **we** agree to settle a claim or lawsuit;
>
> for **bodily injury**, **property damage**, or **covered pollution cost or expense** arising out of an **accident** or **loss** otherwise not covered under the terms of this policy solely because of such certificate of insurance, **we** will be obligated to pay no more than the minimum amount required by that agency or applicable law. If any payment is based solely on such certificate, **you** must reimburse **us** in full for **our** payment, including legal fees and costs **we** incurred, whether the payment is made as a result of judgment or settlement.

15. The Progressive Policy also contains an endorsement entitled Endorsement for Motor Carrier Policies of Insurance for Public Liability Under Sections 29 and 30 of the Motor Carrier Act of 1980 (the "MCS-90"), which provides, in relevant part, as follows:

> In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance, or use of motor vehicle subject to financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory to be served by the insured or elsewhere. Such insurance as is afforded, for public liability, does not apply to injury to or death of the insured's employees while engaged in the course and scope of their employment, or property transported by the insured, designated as cargo.

16. The Leased Vehicle is not an "insured auto" as defined in the Progressive Policy inasmuch as the Leased Vehicle was not specifically described in the Progressive Policy and it does not otherwise qualify as an "insured auto" under the provisions of the Progressive Policy.

17. Progressive has attempted to investigate the circumstances of the accident and has issued requests to Future for an examination under oath.

18. Future was served with the request for the Examination Under Oath.

19. Future has failed to appear for the EUO or otherwise cooperate so as to allow for the investigation of the Accident, resulting in prejudice to Progressive.

20. 20. Defendant Roseboro has filed a lawsuit against Future and McKethean in the Circuit Court for Montgomery County, Maryland. Complaint attached as **Exhibit B.**

**FOR A FIRST CAUSE OF ACTION**
**(Declaratory Judgment)**

21. Progressive restates the foregoing allegations of this Complaint and incorporates the same herein by reference.

22. The Progressive Policy affords no coverage for the Accident because the Accident did not arise out of the ownership, maintenance, or use of a covered auto under the Progressive Policy.

23. Alternatively, the Progressive Policy affords no coverage for the Accident because of the exclusion for bodily injury to a fellow employee.

24. Alternatively, the Progressive Policy affords no coverage due to Future's failure to cooperate with Progressive's investigation of the Accident.

25. Alternatively, if the Progressive Policy does afford coverage for the Accident, Progressive's obligation to indemnify is limited to the minimum levels of financial responsibility required by applicable law.

26. The MCS-90 does not apply, and Progressive has no obligation to defend or indemnify its insured, due to its exclusion for injuries to an employee.

27. Because the Progressive Policy affords no coverage for the Accident, Progressive has no duty to defend Future or McKethean or any other individual or entity in relation to claims stemming from the Accident, including but not limited to those alleged in the Roseboro Lawsuit.

28. Because the Progressive Policy affords no coverage for the Accident, Progressive has no duty to indemnify Future or McKethean or any other individual or entity in relation to

claims stemming from the Accident, including but not limited to any judgment obtained in the Roseboro Lawsuit.

29. The MCS-90 does not obligate Progressive to pay any judgment obtained against Future, McKethean, or any other party from the Roseboro lawsuit.

30. The MCS-90 does not obligate Progressive to defend Future, McKethean, or any other party to the Roseboro lawsuit.

31. Progressive is entitled to an Order of this Court holding that:

   a. The Progressive Policy does not afford coverage for any losses allegedly sustained in the Accident;

   b. The Progressive Policy does not obligate Progressive to defend or indemnify Future, McKethen, or any other individual or entity for the losses allegedly sustained in the Accident;

   c. The MCS-90 does not obligate Progressive to defend or indemnify or defend Future, McKethean, or any other party as a result of the accident.

WHEREFORE, Progressive prays that the Court enter judgment in its favor as set forth hereinabove and for such other and further relief as is just and proper.

This the 20th day of October, 2020.

/s/ C. Fredric Marcinak (#38331)
C. Fredric Marcinak
Moseley Marcinak Law Group, LLP
PO Box 26148
Greenville, SC 29616
(864) 246-6027
Fred.Marcinak@momarlaw.com

555075