# GAFFIGAN & ASSOCIATES, LLC

Attorneys At Law
Suite 650
6404 Ivy Lane
Greenbelt, Maryland 20770
(301) 577-4600
FAX: (301) 577-3375

JOSEPH F. GAFFIGAN (MD & DC)
ANTHONY A. KEDER (MD & DC)

July 9, 2020

Bill Causey, Esq.
CL Claims
Progressive Insurance Claims
7515 Halcyon Summit Drive, Suite 101
Montgomery, Alabama 36117
Billy_Causey@Progressive.com

RE: Your Insured: Future Van Lines
Claim No: #19-1170049
Policy Number: 06483587-1
Our Client: Brandon Roseboro
Date of Accident: July 18, 2019

Dear Mr. Causey:

Attached is the Complaint, Discovery requests and Affidavit of Service. The resident agent for Future Van Lines, LLC, was served on July 8, 2020. The extra time and extension thereof which you requested had expired, and we had not heard from you. Kindly advise if you will be filing a response on behalf of the Defendant.

Very Truly Yours

GAFFIGAN & ASSOCIATES, LLC

_____
Anthony A. Keder, Esq.

# AFFIDAVIT

IN THE _CIRCUIT_ COURT FOR _MONTGOMERY_ COUNTY, MARYLAND

OR

_BRANDON ROSEBORO_

PLAINTIFF(S)

VS.

_FUTURE VAN LINES LLC/_
_SHLOMO OOSTEKAM (OWNER)_

DEFENDANT(S)

_482543 V_

Case No.

## AFFIDAVIT OF SERVICE

The undersigned hereby certifies that on the _8th_ day of _JULY 2020_, I
executed service upon _SHLOMO OOSTEKAM_ at
approximately _6:60_ am/pm at _852 QUINCE ORCHARD BLVD APT 12_
_GAITHERSBURG, MD 20878-1724;_

And left with him/her a copy of the Writ of Summons or Subpoena, issued by this Court on the _29TH_
Day of _JUNE 2020_, and the following documents: _WRIT OF SUMMONS_
_COMPLAINT FOR NEGLIGENCE; PLAINTIFFS INTERROGATORIES TO DEFENDANT_
_FUTURE VAN LINES LLC; PLAINTIFFS REQUEST FOR PRODUCTION OF_
_DOCUMENTS FOR DEF. FUTURE VAN LINES, LLC JURY DEMAND, SCHEDULING_
_ORDER-TRACK 3; ORDER FOR MANDATORY SETTLEMENT CONFERENCE/PRETRIAL_
_HEARING-TRACK 3, SCHEDULING NOTICE/ORDER OF COURT-TRACK 3 (SEE BELOW)_

The person I left the papers with confirmed that (1) He/She is the above named defendant/plaintiff/witness;
(2) The above listed address was the defendant's residence or usual place of abode; (3) He/She is a resident
of the above listed address; (4) He/She is eighteen (18) years of age or older; (5) He/She is of suitable
discretion in that his/her relationship to the defendant is _____.

Description of the Defendant/Person Served: Race _CAUC_ Sex _M_ Heights _6'0_
Weight _208_ Age _40_

I further certify that I am over the age of eighteen (18) and not a part to this action. I DO SOLEMNLY
DECLARE AND AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE MATTERS AND
FACTS SET FORTH HEREIN ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE,
INFORMATION AND BELIEF.

Date: _07/08/2020_

Name of Server: John Miller
Address of Server: 8150 Lakecrest Drive
Greenbelt, Maryland 20770
(301) 345-7161

_ADMINISTRATIVE NOTICE; CIVIL-NON DOMESTIC CASE INFORMATION_
_REPORT; COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT_
_PROGRAM (ASTAR)_

# IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

## WRIT OF SUMMONS
### (248)

### Case No: **482543-V**

TO:

**FUTURE VAN LINES LLC**
**111 WASHINGTON GROVE LN**
**WASHINGTON GROVE MD 20880**

(Service Address)
**SHLOMO DOSTEKAM**
**111 WASHINGTON GROVE LN**
**WASHINGTON GROVE MD 20880**

You are hereby summoned to file a <u>written</u> response by pleading or motion in this court to the attached complaint filed by:

**BRANDON ROSEBORO**

within **60** days after service of this summons upon you.

Witness, the Honorable Chief Judge of the Sixth Judicial Circuit of Maryland.

TO THE PERSON SUMMONED:

1. Failure to respond within the time allowed may result in a default judgment or the granting of the relief sought against you.

2. If you have been served with a Scheduling Order, your appearance is required pursuant to the Scheduling Order, regardless of the date your response is due.

3. If you have questions, you should see an attorney immediately. If you need help finding an attorney, you may contact the Bar Association of Montgomery County's Lawyer Referral Service online at <u>www.barmont.org</u> or by calling (301) 279-9100.

Date Issued: **06/29/2020**



Barbara H. Meiklejohn
CLERK of the Circuit Court
Montgomery County, Maryland
50 Maryland Avenue
Rockville, MD 20850-2393

NOTE:

1. This summons is effective for service only if served within 60 days after the date it is issued.

2. Proof of service shall set out the name of the person served, the date, and the particular place and manner of service. If service is not made, please state the reason(s).

3. Return of served or unserved process shall be made promptly and in accordance with Rule 2-126.

4. If this summons is served by private process, process server shall file a separate affidavit as required by Rule 2-126(a).

### RETURN

[  ] Served _____ on _____ at _____
        (Whom)                                (Date)              (City/State/Country)

[  ] Summons and [  ] Show Cause Order and [  ] Complaint/Petition/Motion Served

[  ] Unserved _____ _____
        (Date)              (Reason)

_____      [  ] Sheriff
  (Signature)

SUMIKRF 2019/01/9

EXHIBIT B

# IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

## <u>WRIT OF SUMMONS</u>
(248)

### Case No: **482543-V**

TO:

**FUTURE VAN LINES LLC**
**111 WASHINGTON GROVE LN**
**WASHINGTON GROVE MD 20880**

(Service Address)
**SHLOMO DOSTEKAM**
**111 WASHINGTON GROVE LN**
**WASHINGTON GROVE MD 20880**

You are hereby summoned to file a <u>written</u> response by pleading or motion in this court to the attached complaint filed by:

    **BRANDON ROSEBORO**

within **60** days after service of this summons upon you.

    Witness, the Honorable Chief Judge of the Sixth Judicial Circuit of Maryland.

TO THE PERSON SUMMONED:

1. Failure to respond within the time allowed may result in a default judgment or the granting of the relief sought against you.

2. If you have been served with a Scheduling Order, your appearance is required pursuant to the Scheduling Order, regardless of the date your response is due.

3. If you have questions, you should see an attorney immediately. If you need help finding an attorney, you may contact the Bar Association of Montgomery County's Lawyer Referral Service online at <u>www.barmont.org</u> or by calling (301) 279-9100.

Date Issued: **06/29/2020**



Barbara H. Meiklejohn
CLERK of the Circuit Court
Montgomery County, Maryland
50 Maryland Avenue
Rockville, MD 20850-2393

NOTE:

1. This summons is effective for service only if served within 60 days after the date it is issued.

2. Proof of service shall set out the name of the person served, the date, and the particular place and manner of service. If service is not made, please state the reason(s).

3. Return of served or unserved process shall be made promptly and in accordance with Rule 2-126.

4. If this summons is served by private process, process server shall file a separate affidavit as required by Rule 2-126(a).

## <u>RETURN</u>

[ ] Served _____ on _____ at _____
             (Whom)                     (Date)               (City/State/Country)

[ ] Summons and [ ] Show Cause Order and [ ] Complaint/Petition/Motion Served

[ ] Unserved _____  _____
              (Date)            (Reason)

_____  [ ] Sheriff
  (Signature)

EXHIBIT B



**Barbara H. Meiklejohn**
**Clerk of the Circuit Court for Montgomery County, Maryland**
50 Maryland Avenue
Rockville, Maryland 20850-2397
June 29, 2020

RE:   Notice of New Case Number for
      BRANDON ROSEBORO vs FUTURE VAN LINES LLC, ET AL
      Reference Case#: N/A
      Case Type: NEGLIGENT ENTRUSTMENT
                        (836)

Dear Sir/Madam:

      Please be advised that the above referenced case was received on

June 22, 2020, in the office of the Clerk for Montgomery County.

This matter has been assigned case number **482543-V**_____.   Please

include this case number on all future papers to be filed in this case.


                              Sincerely,


                              _____
                              Clerk of the Circuit Court
                              for Montgomery County,
                              Maryland



FUTURE VAN LINES LLC
SHLOMO DOSTEKAM
111 WASHINGTON GROVE LN
WASHINGTON GROVE MD 20880

NEWCASE LETTER **EXHIBIT B**

# IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

**BRANDON ROSEBORO**
   Plaintiff

      v.

**FUTURE VAN LINES LLC, ET AL**
   Defendant

:
:
:
:
:
:
:
:
:

Case No. **482543-V**
COMPLAINT FILED ON: <u>06/22/2020</u>

## Scheduling Order - Track 3
### (738)

THIS ORDER IS YOUR OFFICIAL NOTICE OF CASE DEADLINES AND HEARINGS REQUIRING APPEARANCES. FAILURE TO APPEAR AT HEARINGS OR COMPLY WITH ALL REQUIREMENTS MAY RESULT IN DISMISSAL, DEFAULT JUDGMENT, EXCLUSION OF WITNESSES AND/OR EXHIBITS, ASSESSMENTS OF COSTS AND EXPENSES, INCLUDING ATTORNEY FEES, OR OTHER SANCTIONS.

| EVENT:   [ATTENDANCE REQUIRED AT EVENTS] | DEADLINE: |
|---|---|
| *DEADLINE: PLT EXPERTS IDENTIFIED* | <u>09/21/2020</u> |
| *DEADLINE: MOTION FOR ALTERNATIVE SERVICE FILED* | <u>10/19/2020</u> |
| *DEADLINE: DEF EXPERTS IDENTIFIED* | <u>11/17/2020</u> |
| *DEADLINE: ALL WRITTEN DISCOVERY SERVED BY* | <u>01/19/2021</u> |
| *DEADLINE: DISCOVERY COMPLETED* | <u>03/02/2021</u> |
| *DEADLINE: ADD'L PARTIES JOINDER* | <u>03/12/2021</u> |

**MEETING OF ALL COUNSEL, 03/17/2021 Time and place to be determined PLUS DEADLINES:**

| | |
|---|---|
| *DEADLINE: DISPOSITIVE MOTIONS FILED* | <u>03/17/2021</u> |
| *DEADLINE: RULE 2-504.3(B) NOTICE* | <u>03/17/2021</u> |
| *DEADLINE: ADR DEADLINE* | <u>03/22/2021</u> |
| *DEADLINE: JOINT PRETRIAL STATEMENT FILED* | <u>03/15/2021</u> |

**SETTLEMENT CONFERENCE/PRETRIAL HEARING, 04/01/2021 02:00 PM ATTENDANCE REQUIRED**

    *DEADLINE: PLEADING AMENDMENT TO BE DETERMINED AT PRETRIAL.*

**TRIAL COUNSEL SHALL APPEAR** AT THE SETTLEMENT CONFERENCE/PRETRIAL HEARING, ACCOMPANIED BY THE PARTIES AND THE INDIVIDUAL(S) WITH AUTHORITY TO SETTLE THE CASE. **MOTIONS** FILED IN TRACK 3 ACTIONS SHALL NOT EXCEED 15 PAGES INCLUDING ANY MEMORANDUM OF LAW AND OPPOSITION/REPLY MOTIONS SHALL NOT EXCEED 10 PAGES WITHOUT LEAVE OF THE COURT. IDENTIFICATION OF ADDITIONAL PARTIES AND AMENDMENT OF PLEADINGS GOVERNED BY RULES 2-211, 2-331, 2-332 AND 2-341.

AFTER THE SETTLEMENT CONFERENCE, IF NEEDED, THE **TRIAL DATE** SHALL BE SET AT THE PRETRIAL HEARING BETWEEN THE DATES NOTED BELOW. COUNSEL ARE ENCOURAGED TO CLEAR DATES WITH ONE ANOTHER AND THE ASSIGNMENT OFFICE PRIOR TO THE CASE BEING CALLED. **[TRIAL DATE BETWEEN: 05/04/2021 AND 08/12/2021.]**

**ANY MODIFICATIONS OF THIS SCHEDULING ORDER MUST BE REQUESTED BY WRITTEN MOTION FILED IN ADVANCE OF THE DEADLINES OR HEARING DATES SOUGHT TO BE MODIFIED, PROVIDING GOOD CAUSE TO JUSTIFY ANY MODIFICATION THEREOF.**

Possession and use of cell phones, computers, other electronic devices, and cameras may be limited or prohibited in designated areas of the court facility. The use of any camera, cell phone, or any electronic device for taking, recording, or transmitting photographs, videos, or other visual images is prohibited in the court facility at all times, unless the court expressly grants permission in a specific instance.

*Robert A. Greenberg*
Robert A. Greenberg
Circuit Administrative Judge

FUTURE VAN LINES LLC
SHLOMO DOSTEKAM
111 WASHINGTON GROVE LN
WASHINGTON GROVE MD 20880

IF TRACK INFORMATION DOES NOT CORRESPOND TO ASSIGNED TRACK, COUNSEL FOR THE DEFENDANT SHALL NOTIFY THE DCM COORDINATOR AT (240) 777-9358. **QUESTIONS?** Please see the Court's GUIDE TO DCM ORDERS and <u>www.montgomerycountymd.gov/circuitcourtDCM</u>.

CIVSCH23.05/23/2020 06:15:30
**EXHIBIT B**

# IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

**BRANDON ROSEBORO**
**Plaintiff**

       :   **Case No. 482543-V**

    v.      :   Settlement Conference/

       :   Pretrial: **04/01/2021** time **2:00 PM**

**FUTURE VAN LINES LLC, ET AL**
**Defendant**

## ORDER FOR MANDATORY SETTLEMENT CONFERENCE/PRETRIAL HEARING - TRACK 3
### (179)
### COMPLAINT FILED ON 06/22/2020

In accordance with Maryland Rules of Procedure, Rule 2-504, and in order to administer the trial of cases in a manner consistent with the ends of justice, in the shortest possible time and at the least possible cost to the Court and to litigants, it is this **29th day of June, 2020,** by the Circuit Court for Montgomery County, Maryland,

**ORDERED,** that parties, representatives with authority to settle a case, and trial counsel shall appear in court for a Settlement Conference and a subsequent Pretrial Hearing on the date set forth above. No further notice will be given of this date. Unrepresented parties and/or trial counsel shall meet at least two weeks prior to the hearing date to prepare a written joint pre-trial statement and endeavor to settle the case. If the parties cannot agree to the meeting place or date, it shall be two weeks before the hearing date at 9:00 a.m. in the lobby of the Court House. The joint pre-trial statement shall be signed by all parties and their attorneys and shall be filed with the court at least seventeen days before the Settlement/Pretrial Hearing and shall contain the following:

1. Nature of the Case: A brief, non-argumentative statement suitable for reading to a jury.

2. Claims and/or Defenses: Each party to set forth a concise statement of all claims and defenses which that party is submitting for trial.

3. Undisputed Issues and Facts: List all issues not in dispute and set forth stipulated facts.

4. Disputed Issues: List each disputed issue and the principal contentions of all parties respecting each.

5. Relief Sought: Specify nature and amount of each item of damage claimed or description of equitable relief sought by each party.

6. Citations: List any cases or statutes which need to be called to the Court's attention.

7. Pending Motions: List title, movant, and filing date of pending motions.

8. Witnesses: Name, address and telephone number of each person who may be called to testify. As to experts, list matters about which each expert will testify. No party may call at trial any witness omitted from that party's pre-trial statement, except for impeachment or rebuttal purposes.

9. Exhibits: Attach a listing of the exhibits to be offered in evidence by each party at the trial, other than those expected to be used solely for impeachment, indicating which exhibits the parties agree may be offered in evidence without the usual authentication. Complete list of exhibits identifying by exhibit number each document that may be offered at trial. (Stickers to be attached to each exhibit are available in Clerk's office.) Any objections to another party's exhibits should be stated.

FUTURE VAN LINES LLC
SHLOMO DOSTEKAM
111 WASHINGTON GROVE LN
WASHINGTON GROVE MD 20880

CIVPTT... EXHIBIT B

10. Deposition Testimony: Designation by page and line of deposition testimony to be offered as substantive evidence, not impeachment.

11. Pleadings and Discovery Responses: Designation by page and paragraph of any pleading or discovery response to be offered as substantive evidence, not impeachment.

12. Demonstrative or Physical Evidence: Describe any items of non-testimonial, non-documentary evidence -- models, samples, objects, etc. -- to be utilized at trial.

13. Videotapes: Identify any videotapes to be shown to the jury and authority for doing so.

14. Requested Jury Selection Questions: Identify those agreed upon and include any objections made by either side.

15. Pattern Jury Instructions: Identify those agreed upon and those not agreed upon. Designate the source of the instruction.

16. Non-Pattern Jury Instructions: Supply complete text of each instruction, with authorities, on a separate page.

17. Verdict Sheet (if requested): Text of verdict sheet, including any special interrogatories, to be submitted to the jury.

18. Settlement: Minimum demand; Maximum offer.

19. Estimated Length of Trial: _#_ days;

and it is further

**ORDERED,** that counsel and unrepresented parties shall file the Joint Pretrial Statement no later than seventeen days (**DEADLINE:** 03/15/2021) before the Mandatory Settlement Conference and Pretrial Hearing; and it is further,

**ORDERED,** that in cases that have not reached a settlement by the Settlement Conference and Pretrial Hearing date, that the parties and their counsel and representatives with the authority to settle participate in good faith in a Settlement Conference. It is further ordered that parties not reaching settlement proceed to a Pretrial Hearing before the Administrative Judge in order to set a trial date and resolve other pretrial issues.

Robert A. Greenberg
Circuit Administrative Judge

Possession and use of cell phones, computers, other electronic devices, and cameras may be limited or prohibited in designated areas of the court facility. The use of any camera, cell phone, or any electronic device for taking, recording, or transmitting photographs, videos, or other visual images is prohibited in the court facility at all times, unless the court expressly grants permission in a specific instance.

IF TRACK INFORMATION DOES NOT CORRESPOND TO ASSIGNED TRACK,
COUNSEL FOR THE DEFENDANT SHALL NOTIFY THE DCM COORDINATOR AT (240) 777-9358.
QUESTIONS? PLEASE SEE the Court's GUIDE TO DCM ORDERS and www.montgomerycountymd.gov/circuitcourtDCM

Page Two of Two

EXHIBIT B

Case 1:20-cv-00960-LCB-JEP   Document 1-2   Filed 10/20/20   Page 8 of 30

# IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

| | |
|---|---|
| **BRANDON ROSEBORO**<br> Plaintiff | : <br> : <br> : |
| v. | :    Case No. **482543**-V <br> :    Judge: |
| **FUTURE VAN LINES LLC, ET AL**<br> Defendant | : <br> : |

## SCHEDULING NOTICE AND ORDER OF COURT - TRACK 3
### (1953)
### COMPLAINT FILED ON 06/22/2020

It is by the Circuit Court for Montgomery County, Maryland, **ORDERED** as follows:

1) <u>Proof of Service</u>.  Within sixty-five (65) days of the filing of the Complaint, Plaintiff must file proof of service of the following on each of the Defendants: copies of the Summons, the Complaint, this Scheduling Notice and Order of Court, Order for Mandatory Settlement Conference/Pretrial Hearing, and the Scheduling Order.

   a) As to any Defendant for whom such proof of service has not been filed, the Court will consider dismissing the Complaint without prejudice pursuant to Rule 2-507.

   b) As to any Defendant not timely served, the Court may sever the case against that party.

   c) **A motion for alternative service as to any unserved Defendant may not be filed after the 121st day after filing of the complaint:  DEADLINE: 10/19/2020**

   d) **Defendants who are not served by the 121st day after filing of the complaint are subject to dismissal under Rule 2-507.**

   e) As to any Defendant served with the Summons and Complaint, the Defendant must file the Defendant's Civil Information Form with the initial pleading and mail a copy to Plaintiff.

   f) **FAILURE TO SERVE A PARTY WILL NOT RESULT IN A MODIFICATION OF THE DEADLINES OR REISSUANCE OF THE SCHEDULING ORDER**

2) <u>Answer or Other Responsive Pleading</u>.  Within the time permitted under Maryland Rules, each Defendant must respond to the Complaint by filing an Answer or other responsive pleading. These pleadings must be filed in accordance with Rule 2-321.  If no timely response has been filed, the Court, upon request, may enter an Order of Default pursuant to Rule 2-613.

3) <u>Initial Discovery</u>. No later than ninety (90) days from the filing of the complaint, the parties shall complete sufficient initial discovery to enable them to make decisions regarding (a) settlement, (b) consideration of available and appropriate forms of alternative dispute resolution (c) limitation of issues, (d) stipulations, (e) any issues relating to preserving discoverable information, (f) any issues relating to discovery of electronically stored information, including the form in which it is to be produced, (g) any issues relating to claims of privilege or of protection, and (h) other matters that may be considered at the hearing, including:

   a) **Initial Disclosure of the Plaintiff's Experts to occur no later than deadline provided on the Scheduling Order:** The deadline for the disclosure of Plaintiff's experts is approximately ninety (90) days from the date of filing. Given the early stage of discovery, while disclosure of the area of expertise is expected, some flexibility will be applied as to the specific opinion of the expert. The obligation to supplement the information provided by this deadline continues

FUTURE VAN LINES LLC
SHLOMO DOSTEKAM
111 WASHINGTON GROVE LN
WASHINGTON GROVE MD 20880

CIVNO **EXHIBIT 'B'**

and must be provided without delay as soon as it is known to the Plaintiff, but no later than one hundred twenty (120) days from the filing of the complaint, without leave of the Court. This includes any substance of the findings and opinions, grounds for each opinion on which the expert is expected to testify, as well as copies of all reports received from each expert witness. Under no circumstances may this information be withheld.

4) <u>Discovery of Electronic Information</u>. Further, with regard to the discovery of electronic information, the Parties shall confer in person or by telephone and attempt to reach agreement, or narrow the areas of disagreement, as to the preservation of electronic information, if any, and the necessity and manner of conducting discovery regarding electronic information, and the parties should address the following:

   a) Identification and retention of discoverable electronic information and what, if any, initial discovery and any party requests in order to identify discoverable electronic information;
   b) Exchange of discoverable information in electronic format where appropriate, including:
      i) The format of production, *i.e.*, PDF, TIFF or JPEG file or native formats such as Microsoft Word, Word Perfect, *etc.*, and the storage media on which the information shall be exchanged; and
      ii) Whether separate indices will be exchanged and whether the documents and information exchanged will be electronically numbered.
   c) Whether the parties agree as to the apportionment of costs for production of electronic information that is not maintained on a party's active computers, computer servers or databases;
   d) The manner of handling inadvertent production of privileged materials; and
   e) Whether the parties agree to refer electronic discovery disputes to a Special Magistrate for resolution.

The parties shall reduce all areas of agreement, including any agreements regarding inadvertent disclosure of privileged materials, to a stipulated order to be presented to the court.

5) <u>Attorneys' Fees</u>. If a party intends to assert a "substantial claim" for attorneys' fees, counsel shall provide a written statement to the Court, setting forth whether the claim is pursuant to law, statute or contract, identifying the legal theory, statute or contract provision, and whether the claim is triable by jury. The Court will determine whether to require enhanced documentation, quarterly statements, or other procedures permitted by Maryland Rules. If triable by jury, the Court will determine the necessity of a separate discovery schedule, to include, if appropriate, the designation of experts relating to this issue. (See Rules 2-703, 2-704 and 2-705.)

7) <u>Mediation</u>. PLEASE BE ADVISED THAT THE COURT WILL ORDER MEDIATION IN THE ABOVE-CAPTIONED CASE. PLEASE DISCUSS ADR/MEDIATION WITH THE OPPOSING PARTY (OR COUNSEL, IF APPLICABLE). Parties choosing a mediator must pay the rate agreed upon by the parties and the mediator. Where the court designates a mediator, pursuant to Rule 17-208, the parties will pay the hourly rate established by the court. Counsel/parties may object to participating in mediation in accordance with Maryland Rule 17-202(f) within thirty (30) days after entry of the order, may file (A) an objection to the referral, (B) an alternative proposal, or (C) a "Request to Substitute ADR Practitioner" substantially in the form set forth in Rule 17-202(g).

Date: 06/29/2020

*Robert A Greenberg*

Robert A. Greenberg
Circuit Administrative Judge

Questions? Please see www.montgomerycountymd.gov/circuitcourtDCM or call the DCM coordinator at 240-777-9358.

Page Two of Two

EXHIBIT B

Case 1:20-cv-00960-LCB-JEP   Document 1-2   Filed 10/20/20   Page 10 of 30

# Circuit Court for Montgomery County, Maryland
### 50 Maryland Avenue
### Rockville, Maryland 20850

## ADMINISTRATIVE NOTICE

You have received the attached notice and/or Order of the Court from the Circuit Court for Montgomery County.

Due to the COVID-19 pandemic, many court proceedings are being held remotely. This means it is possible that your court appearance may be by telephone or videoconference.

If you are represented by an attorney, please contact him or her to determine whether you need to personally appear in court.

If you are not represented by an attorney, please contact the Montgomery County Circuit Court Assignment Office at 240-777-9000 to determine whether your personal appearance is required at the courthouse on the day(s) in question. Please be sure the Court is provided with an email address and/or telephone number where you can be reached.

Robert A. Greenberg,
County Administrative Judge

IN THE CIRCUIT COURT FOR <u>Montgomery County</u>
(City or County)

## CIVIL - NON-DOMESTIC CASE INFORMATION REPORT

### DIRECTIONS

*Plaintiff*: This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a).

*Defendant*: You must file an Information Report as required by Rule 2-323(h).

***THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING***

**FORM FILED BY:** ☒PLAINTIFF ☐DEFENDANT     CASE NUMBER _____
(Clerk to insert)

**CASE NAME:** <u>BRANDON ROSEBORO</u> vs. <u>FUTURE VAN LINES, LLC, et. al.</u>
     Plaintiff                    Defendant

**PARTY'S NAME:** <u>BRANDON ROSEBORO</u>              PHONE: _____

**PARTY'S ADDRESS:** <u>5200 CALL ST SE, WASHINGTON, D.C. 20019</u>

**PARTY'S E-MAIL:** _____

**If represented by an attorney:**

**PARTY'S ATTORNEY'S NAME:** <u>ANTHONY A. KEDER</u>     PHONE: <u>301-577-4600</u>

**PARTY'S ATTORNEY'S ADDRESS:** <u>6404 IVY LANE, SUITE 650, GREENBELT, MD 20770</u>

**PARTY'S ATTORNEY'S E-MAIL:** <u>AAKEDER2@YAHOO.COM</u>

**JURY DEMAND?** ☒Yes ☐No

**RELATED CASE PENDING?** ☐Yes ☒No  If yes, Case #(s), if known: _____

**ANTICIPATED LENGTH OF TRIAL?:** ____ hours  2  days

RECEIVED
JUN 2 2 2020
Clerk of the Circuit Court
Montgomery County, Md.

### PLEADING TYPE

**New Case:** ☒Original    ☐Administrative Appeal    ☐Appeal

**Existing Case:** ☐Post-Judgment    ☐Amendment

*If filing in an existing case, skip Case Category/ Subcategory section - go to Relief section.*

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY (Check one box.)

**TORTS**
☐ Asbestos
☐ Assault and Battery
☐ Business and Commercial
☐ Conspiracy
☐ Conversion
☐ Defamation
☐ False Arrest/Imprisonment
☐ Fraud
☐ Lead Paint - DOB of Youngest Plt: _____
☐ Loss of Consortium
☐ Malicious Prosecution
☐ Malpractice-Medical
☐ Malpractice-Professional
☐ Misrepresentation
☐ Motor Tort
☒ Negligence
☐ Nuisance
☐ Premises Liability
☐ Product Liability
☐ Specific Performance
☐ Toxic Tort
☐ Trespass
☐ Wrongful Death

**CONTRACT**
☐ Asbestos
☐ Breach
☐ Business and Commercial
☐ Confessed Judgment (Cont'd)
☐ Construction
☐ Debt
☐ Fraud

**Government**
☐ Government
☐ Insurance
☐ Product Liability

**PROPERTY**
☐ Adverse Possession
☐ Breach of Lease
☐ Detinue
☐ Distress/Distrain
☐ Ejectment
☐ Forcible Entry/Detainer
☐ Foreclosure
  ☐ Commercial
  ☐ Residential
  ☐ Currency or Vehicle
  ☐ Deed of Trust
  ☐ Land Installments
  ☐ Lien
  ☐ Mortgage
  ☐ Right of Redemption
  ☐ Statement Condo
☐ Forfeiture of Property / Personal Item
☐ Fraudulent Conveyance
☐ Landlord-Tenant
☐ Lis Pendens
☐ Mechanic's Lien
☐ Ownership
☐ Partition/Sale in Lieu
☐ Quiet Title
☐ Rent Escrow
☐ Return of Seized Property
☐ Right of Redemption
☐ Tenant Holding Over

**PUBLIC LAW**
☐ Attorney Grievance
☐ Bond Forfeiture Remission
☐ Civil Rights
☐ County/Mncpl Code/Ord
☐ Election Law
☐ Eminent Domain/Condemn.
☐ Environment
☐ Error Coram Nobis
☐ Habeas Corpus
☐ Mandamus
☐ Prisoner Rights
☐ Public Info. Act Records
☐ Quarantine/Isolation
☐ Writ of Certiorari

**EMPLOYMENT**
☐ ADA
☐ Conspiracy
☐ EEO/HR
☐ FLSA
☐ FMLA
☐ Workers' Compensation
☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
☐ Assumption of Jurisdiction
☐ Authorized Sale
☐ Attorney Appointment
☐ Body Attachment Issuance
☐ Commission Issuance

**Constructive Trust**
☐ Constructive Trust
☐ Contempt
☐ Deposition Notice
☐ Dist Ct Mtn Appeal
☐ Financial
☐ Grand Jury/Petit Jury
☐ Miscellaneous
☐ Perpetuate Testimony/Evidence
☐ Prod. of Documents Req.
☐ Receivership
☐ Sentence Transfer
☐ Set Aside Deed
☐ Special Adm. - Atty
☐ Subpoena Issue/Quash
☐ Trust Established
☐ Trustee Substitution/Removal
☐ Witness Appearance-Compel

**PEACE ORDER**
☐ Peace Order

**EQUITY**
☐ Declaratory Judgment
☐ Equitable Relief
☐ Injunctive Relief
☐ Mandamus

**OTHER**
☐ Accounting
☐ Friendly Suit
☐ Grantor in Possession
☐ Maryland Insurance Administration
☐ Miscellaneous
☐ Specific Transaction
☐ Structured Settlements

**CC-DCM-002** (Rev. 04/2017)          Page 1 of 3

EXHIBIT B

## IF NEW OR EXISTING CASE: RELIEF (Check All that Apply)

- ☐ Abatement
- ☐ Administrative Action
- ☐ Appointment of Receiver
- ☐ Arbitration
- ☐ Asset Determination
- ☐ Attachment b/f Judgment
- ☐ Cease & Desist Order
- ☐ Condemn Bldg
- ☐ Contempt
- ☒ Court Costs/Fees
- ☒ Damages-Compensatory
- ☐ Damages-Punitive

- ☐ Earnings Withholding
- ☐ Enrollment
- ☐ Expungement
- ☐ Findings of Fact
- ☐ Foreclosure
- ☐ Injunction
- ☐ Judgment-Affidavit
- ☐ Judgment-Attorney Fees
- ☐ Judgment-Confessed
- ☐ Judgment-Consent
- ☐ Judgment-Declaratory
- ☐ Judgment-Default

- ☐ Judgment-Interest
- ☐ Judgment-Summary
- ☒ Liability
- ☐ Oral Examination
- ☐ Order
- ☐ Ownership of Property
- ☐ Partition of Property
- ☐ Peace Order
- ☐ Possession
- ☐ Production of Records
- ☐ Quarantine/Isolation Order
- ☐ Reinstatement of Employment

- ☐ Return of Property
- ☐ Sale of Property
- ☐ Specific Performance
- ☐ Writ-Error Coram Nobis
- ☐ Writ-Execution
- ☐ Writ-Garnish Property
- ☐ Writ-Garnish Wages
- ☐ Writ-Habeas Corpus
- ☐ Writ-Mandamus
- ☐ Writ-Possession

*If you indicated **Liability** above,* mark one of the following. This information is <u>not</u> an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded. ☒ Liability is not conceded, but is not seriously in dispute. ☐ Liability is seriously in dispute.

## MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs)

☐ Under $10,000   ☐ $10,000 - $30,000   ☐ $30,000 - $100,000   ☒ Over $100,000

☒ Medical Bills $ 225,000   ☒ Wage Loss $ 40,000   ☐ Property Damages $ _____

## ALTERNATIVE DISPUTE RESOLUTION INFORMATION

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)

A. Mediation   ☒ Yes ☐ No          C. Settlement Conference   ☒ Yes ☐ No
B. Arbitration   ☒ Yes ☐ No          D. Neutral Evaluation   ☒ Yes ☐ No

## SPECIAL REQUIREMENTS

☐ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041**

☐ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049**

## ESTIMATED LENGTH OF TRIAL

*With the exception of Baltimore County and Baltimore City, please fill in the estimated LENGTH OF TRIAL.* **(Case will be tracked accordingly)**

☐ 1/2 day of trial or less          ☐ 3 days of trial time

☐ 1 day of trial time          ☐ More than 3 days of trial time

☒ 2 days of trial time

## BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM

*For all jurisdictions, if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐ **Expedited**- Trial within 7 months of          ☐ **Standard** - Trial within 18 months of
Defendant's response          Defendant's response

EMERGENCY RELIEF REQUESTED

EXHIBIT B

Case 1:20-cv-00960-LCB-JEP   Document 1-2   Filed 10/20/20   Page 13 of 30

## COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR)

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*

☐ **Expedited** - Trial within 7 months of Defendant's response     ☐ **Standard** - Trial within 18 months of Defendant's response

### IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.

### CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

| | | |
|---|---|---|
| ☐ | Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ☐ | Civil-Short | Trial 210 days from first answer. |
| ☐ | Civil-Standard | Trial 360 days from first answer. |
| ☐ | Custom | Scheduling order entered by individual judge. |
| ☐ | Asbestos | Special scheduling order. |
| ☐ | Lead Paint | Fill in: Birth Date of youngest plaintiff_____. |
| ☐ | Tax Sale Foreclosures | Special scheduling order. |
| ☐ | Mortgage Foreclosures | No scheduling order. |

### CIRCUIT COURT FOR BALTIMORE COUNTY

| | | |
|---|---|---|
| ☐ | Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☐ | Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ | Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ | Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

06/17/2020
_____
Date

6404 IVY LANE, SUITE 650
_____
Address

GREENBELT          MD          20770
_____
City        State        Zip Code

_____
Signature of Counsel / Party

ANTHONY A. KEDER
_____
Printed Name

**CC-DCM-002** (Rev. 04/2017)                    Page 3 of 3

EXHIBIT B

# IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

BRANDON ROSEBORO        *

5200 Call St, S.E.        *
Washington, DC 20019        *

       Plaintiff        *
vs.        *    Civil Case No: 482543 V

FUTURE VAN LINES, LLC        *

111 Washington Grove Lane        *
Washington Grove, MD 20880        *
Serve: Shlomo Dostekam, Owner/Resident Agent        *
111 Washington Grove Lane        *
Washington Grove, MD 20880        *

and        *

VECCHIO MCKETHEAN        *

3020 14th St., N.W.Apt #105        *
Washington, D.C. 20009        *

       Defendants        *

**RECEIVED**
June
22 2020

Clerk of the Circuit Court
Montgomery County, Md.

## COMPLAINT FOR NELIGENCE

       COMES NOW the Plaintiff, Brandon Roseboro, through his attorneys, Gaffigan & Associates, LLC, Anthony A. Keder, and files the following Complaint for Negligence, stating the following:

### STATEMENT OF FACTS

1. That the Plaintiff is an adult resident of Washington, D.C.

2. That Defendant Future Van Lines, LLC (hereinafter "Future Van Lines") is a limited liability company that is, and at the time of the occurrence, was engaged in the transportation and moving business, among other functions, engaged in delivering furniture to locations in and out of the state of Maryland.

3. That the principal office of Future Van Lines is, and was at the time of the occurrence, located in Montgomery County, Maryland.

4. That Defendant Vecchio McKethean (hereinafter "McKethean") is an adult, licensed to drive in the state of Maryland. He was engaged in performing services

EXHIBIT B

driving the vehicle in question on the date in question, as an agent, servant and/or employee of Defendant Future Van Lines.

5. That on or about the 18th of July 2019, Future Van Lines leased a vehicle from Penske Leasing and Rental at 9210 East Hampton Drive, Capitol Heights, Maryland 20743. The vehicle in question was a 26-foot-long panel truck, year 2020, vehicle ID number 1FVACWFCX LHN5638, tagged in the state of Maryland, license plate number 8DN2468.

6. Plaintiff Roseboro was an independent contractor engaged in services by Defendant Future Van Lines. As of the date in question, Plaintiff had performed services in moving furniture on behalf of said Defendant on numerous occasions. Since December 2018, this was approximately the 37th such occasion.

7. That, in the alternative, Plaintiff Roseboro was an employee of Future Van Lines. Plaintiff performed duties at the direction and behest of Defendant Future Van Lines, in the field of furniture delivery. Plaintiff had no separate business for furniture delivery. His work was performed at the direction of the Defendant on a regular basis. On approximately 37 occasions from December of 2018 until July of 2019, Plaintiff performed work for the Defendant, and was paid by the Defendant to do so.

8. On or about July 18, 2019, Future Van Lines engaged the services of the Plaintiff and the Defendant McKethean to transport and deliver furniture to a specified location. The destination was to be in the state of Georgia, and involved passing through several states, including North Carolina.

9. As described herein above, the driver Vecchio McKethean, at approximately 7:00PM on July 18th, 2019, highway I-85 on South Main Street on a multi-lane highway near Archdale Road in Randolph County, North Carolina, the following occurred: The Defendant failed to maintain proper control of the vehicle. He began to allow the vehicle to travel to the left into the guardrail. The Defendant overcorrected his driving, attempting to get back onto the travel portion of the roadway. He was traveling too fast for conditions and failed to take into account the curvature of the road. He lost control of the vehicle and caused it to roll over onto the right side. The vehicle slid until it came to a stop.

10. The Plaintiff's leg and arm were dragged and scraped along the pavement, such that he suffered serious and debilitating burns. The Plaintiff's arm was injured and the impact caused damage and fracture to his bones with serious permanent and debilitating injuries. Plaintiff was taken by ambulance to the nearest hospital, which was Moses Cone Memorial Hospital.

11. Plaintiff Roseboro remained in the hospital for several days after the accident. Although not anywhere near recovered, the Plaintiff was discharge from Moses Cone Memorial Hospital and forced to have his family transport him back to the

Washington D.C. area.

12. The Plaintiff then went to George Washington Hospital in Washington, D.C., where he was an in-patient for approximately one week, needing extensive treatment in the form of skin grafts. He was barely able to walk and was in constant need of pain medication.

13. The pain suffered by the Plaintiff was excruciatingly agonizing. His skin was burned through to the bone due to the scraping injuries complained of. He was in George Washington Hospital for approximately one week.

14. The Plaintiff was and still is temporarily totally disabled as a result of this accident and likely permanently disabled.

15. Plaintiff Roseboro has been rendered disabled as a result of this accident and been unemployed since the accident.

16. Plaintiff has been forced to undergo rigorous physical therapy to regain use of his limbs. Despite the rigorous physical therapy, his progress has been very slow because of the severity of these injuries.

17. Defendant McKethean owed a duty to the passenger in the vehicle as well as to all other motorists on the road to exercise due care for his safety as well as that of all other motorists. The Defendant breached his duty of care by failing to maintain control of the vehicle, failing to give due time, care, and attention to his driving duties, driving too fast for the conditions then and there present on the highway by panicking when he first began to lose control of the vehicle, and was in other ways negligent. Defendant's negligent driving caused the vehicle to turn over on its side and inflict the damages complained thereof.

18. As a direct and proximate result of the negligence of the Co-Defendant McKethean, and without any negligence on his part contributing to the accident, Plaintiff Brandon Roseboro suffered the injuries complained of.

COUNT ONE (RESPONDEAT SUPERIOR)

Plaintiff Brandon Roseboro hereby sues the Defendant Future Van Lines, LLC for negligence under the theory of respondeat superior, stating the following:

19. Plaintiff hereby incorporates by reference paragraphs 1 to 18 of the statement of facts as fully as if set forth herein.

20. At all relevant times, Defendant McKethean was acting as the agent, servant employee of the Defendant Future Van Lines, LLC.

21. Defendant McKethean committed the negligent acts complained of in the scope of

his employment or agency, while performing services for which he had been engaged or when acting in furtherance of Future Van Lines, LLC's interests.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, in the sum of $1 Million, together with costs of these proceedings.

### COUNT TWO (NEGLIGENCE)

Plaintiff Brandon Roseboro hereby sues the Defendant Vecchio McKethean for negligence, stating the following:

22. Plaintiff hereby incorporates by reference the allegations of paragraphs1 through 19 of the statement of facts hereinabove.

23. Regardless of whether the Plaintiff was an employee of Defendant Future Van Lines, LLC. At the time of the occurrence, the Defendant McKethean, through his negligence, was the sole proximate cause of the accident and is liable to the Plaintiff for the injuries and damages complained of.

WHEREFORE, Plaintiff demands judgment against Defendant Vecchio McKethean in the sum of $3 Million, together with costs of these proceedings.

Respectfully submitted,

Anthony A. Keder, Esquire
#7911010184
*Attorney for Plaintiff*
Gaffigan & Associates, LLC
6404 Ivy Lane, Suite 650
Greenbelt, Maryland 20770
(301)577-4600

**IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND**

BRANDON ROSEBORO      *

5200 Call St, S.E.      *
Washington, DC 20019      *

        Plaintiff      *
vs.      *     Civil Case No:   482543-V

FUTURE VAN LINES, LLC      *

111 Washington Grove Lane      *
Washington Grove, MD 20880      *
Serve: Shlomo Dostekam, Owner/Resident Agent      *
111 Washington Grove Lane      *
Washington Grove, MD 20880      *

and      *

VECCHIO MCKETHEAN      *

3020 14th St., N.W.Apt #105      *
Washington, D.C. 20009      *

       Defendants      *

## JURY DEMAND

Plaintiff Brandon Roseboro hereby demands trial by jury on all issues triable by jury.

_(signature)_

_____
Anthony A. Keder, Esquire
#7911010184
*Attorney for Plaintiff*
6404 Ivy Lane, Suite 650
Greenbelt, Maryland 20770
(301)577-4600

**EXHIBIT B**

## IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

BRANDON ROSEBORO                      \*
                                      \*
5200 Call St, S.E.                    \*
Washington, DC 20019                  \*
                                      \*
    Plaintiff     \*
vs.                                   \*   Civil Case No:  482543-V
                                      \*
FUTURE VAN LINES, LLC                 \*
                                      \*
111 Washington Grove Lane             \*
Washington Grove, MD 20880            \*
Serve: Shlomo Dostekam, Owner/Resident Agent   \*
111 Washington Grove Lane             \*
Washington Grove, MD 20880            \*
                                      \*
and                                   \*
                                      \*
VECCHIO MCKETHEAN                     \*
                                      \*
3020 14th St., N.W.Apt #105           \*
Washington, D.C. 20009                \*
                                      \*
    Defendants     \*

## PLAINTIFF BRANDON ROSEBORO'S INTERROGATORIES TO DEFENDANT FUTURE VAN LINES, LLC

To:      FUTURE VAN LINES, LLC

From:    BRANDON ROSEBORO

        c/o Anthony A. Keder, Esquire

### Instructions

     Pursuant to Rule 2-421, you are required to answer the following interrogatories within 30 days or within the time otherwise required by court order or by the Maryland Rules:

     (a) In accordance with Rule 2-421 (b) your response shall set forth the interrogatory and shall set forth the answer to the interrogatory "separately and fully in writing under oath" or "shall

EXHIBIT B

state fully the grounds for refusal to answer any interrogatory." The response shall be signed by you (Standard Instruction (a).)

(b) Also, in accordance with Rule 2-421 (b), your answers "shall include all information available to you "directly or through agents, representatives, or attorneys." (Standard Instruction (b).)

(c) Pursuant to Rule 2-401 (e), these interrogatories are continuing. If you obtain further material information before trial you are required to supplement your answers promptly. (Standard Instruction (c).)

(d) If pursuant to Rule 2-421 (c), you elect to specify and produce business records of yours in answer to any interrogatory, your specification shall be in sufficient detail to enable the interrogating party to locate and identify the records from which the answer may be ascertained. (Standard Instruction (d).)

(e) If you perceive any ambiguities in a question, instruction, or definition, set forth the matter deemed ambiguous and the construction used in answering. (Standard instruction (e).)

## Definitions

In these interrogatories, the following definitions apply:

(a) **Document** includes a writing, drawing, graph, chart, photograph, recording, and other data compilation from which information can be obtained, translated, if necessary, through detection devices into reasonably usable from. (Standard General Definition (a).)

(b) **Identify, identity,** or **identification,** (1) when used in reference to a natural **person,** means that **person's** full name, last known address, home and business telephone numbers, and present occupation or business affiliation. When used in reference to a **person** other than a natural **person,** means that **person's** full name, a description of the nature of the **person** (that is, whether it is a corporation, partnership, etc. under the definition of **person** below), and the **person's** last known address, telephone number, and principal place of business; (3) when used in reference to any **person** after the **person** has been properly **identified** previously means the **person's** name; and (4) when used in reference to a **document,** requires you to state the date, the present custodian of the **document,** and the type of document (e.g., letter, memorandum, telegram, or chart) or to attach as accurate copy of the **document** to your answer, appropriately labeled to correspond to the interrogatory. (Standard General Definition (b).)

(c) **Person** includes an individual, general or limited partnership, joint stock company, unincorporated association or society, municipal or other corporation, incorporated association, limited liability partnership, limited liability company, the State an agency or

political subdivision of the State, a court, and any other governmental entity. (Standard General Definition (c).)

**(d)** The term **occurrence,** unless otherwise indicated, means the collision or other event complained of in the pleadings. (Standard Motor Vehicle Tort Definition (a).)

(e) The phrase **in [a, the, that] vehicle** includes entering exiting, and being in or on a vehicle. (Standard Motor Vehicle Tort Definition (b).)

(f) The term **possession** includes possession, custody, or control. (Standard Motor Vehicle Tort Definition (c).)

<u>Interrogatories</u>

1. State date and place of **incorporation**, whether you are currently in good standing; identify the **person** answering these Interrogatories for you by title, office, length of time employed by you.

2. State all addresses at which you've been resided for the past five years and the date that you resided at each. (Standard Motor Vehicle Tort Interrogatory No. 2.)

3. Describe in detail how the **occurrence** took place. (Standard Motor Vehicle Tort Interrogatory No. 3.)

4. **Identify** all **persons** who were witnesses to the **occurrence** and state their location at the time of the occurrence. (Standard Motor Vehicle Tort Interrogatory No. 4.)

5. **Identify** all **persons** who were at or near the scene at the time of the **occurrence.** (Standard Motor Vehicle Tort Interrogatory No. 5.)

6. If you leased a vehicle involved in the **occurrence, identify** all other **persons** who were **in that vehicle,** and in the vehicle by make, model, identification number, and from whom it was leased**.** (Standard Motor Vehicle Tort Interrogatory No. 6.)

7. **Identify** all **persons** who arrived at the scene within 2 hours after the occurrence. (Standard Motor Vehicle Tort Interrogatory No. 7.)

8. State the itinerary of the vehicle, including the time and place of the beginning of the trip, the time and duration of each stop, the destination, and the expected time of arrival. (Standard Motor Vehicle Tort Interrogatory No. 8.)

9. Was the **Defendant driver,** Veccho McKethean, engaged in any activity, employment or errand, for your benefit at your request or as your employee or agent.? If so, explain the

nature of said relationship (employee, agent) and describe the job he was on at the time of the occurrence.

**10.** If a report with respect to the **occurrence** was made in the ordinary course of business, state the date on which the report was made, the **identity** of the **person** who made the report, and whether the report was written, oral or in some other form. **Identify** each **document** containing information concerning the report and the custodian of the **document.** (Standard Motor Vehicle Tort Interrogatory No. 10.)

**11. Identify** all photographs, videotapes, plats, diagrams, or other depictions of the scene or of things connected with the **occurrence** that are in your **possession.** (Standard Motor Vehicle Tort Interrogatory No. 11.)

**12. Identify all persons** who have given you "statements" as that term is defined in Rule 2-402 (d), concerning the action or its subject matter, for each statement, state the date on which it was given and **identify** the custodian. (Standard Motor Vehicle Tort Interrogatory No. 12.)

**13.** If you were charged with any offenses arising out of the **occurrence,** state the nature of the charges, the court and case number, and the disposition of the charges. (Standard Motor Vehicle Tort Interrogatory No. 13.)

**14.** If you contend that any party to this action caused or contributed to the **occurrence,** state concisely the facts on which you rely. (Standard Motor Vehicle Tort Interrogatory No. 14.)

**15.** If you contend that a **person** not a party to this action caused or contributed to the **occurrence, identify** each such **person** and state concisely the facts upon which you rely. (Standard Motor Vehicle Tort Interrogatory No. 15.)

**16.** If you contend that mechanical failure caused or contributed to the **occurrence,** state concisely the facts upon which you rely. (Standard Motor Vehicle Tort Interrogatory No. 18.)

**17.** State whether the driver, Co-Defendant Vecchio McKethean, in the **occurrence,** state whether you have or have had any disability, illness, disease, or injury that could affect your ability to operate a motor vehicle and describe its nature and extent. If treated or evaluated, **identify** all treating or examining health care providers and the approximate date of each examination or treatment. (Standard Motor Vehicle Tort Interrogatory No. 20.)

**18.** State whether you used any alcoholic beverages or drugs, whether controlled or otherwise, within 24 hours before the **occurrence,** the places where they were obtained, the places where they were used, and the nature and amount used. (Standard Motor Vehicle Tort Interrogatory No. 21.)

**19.** State the substance of all discussions concerning the **occurrence** that you or others in your presence had with any party to this case. State when and where each discussion took place and **identify** all **persons** who were present. (Standard Motor Vehicle Tort Interrogatory No. 22.)

20. State whether you have **possession** or knowledge of any recordings or transcripts of testimony in any proceeding arising out of the **occurrence**, if so state the date and subject matter, and **identify** each **person** who recorded the testimony and the custodian of each recording or transcript. (Standard Motor Vehicle Tort Interrogatory No. 23.)

21. State whether the driver of the vehicle, Co-Defendant Vecchio McKethean, has a current driver's license. If so, state when and where the license was issued, the nature of any restrictions on the license, and whether the license was ever suspended or revoked. (Standard Motor Vehicle Tort Interrogatory No. 24.)

22. State whether, at any time during the fifteen-year period preceding the date of your answers to these interrogatories, if you have been convicted of any crime other than a minor traffic offense. If so, for each conviction **identify** the court in which you were convicted and state the amount of any fine and the date and length of any incarceration imposed. For purposes of this interrogatory, a conviction includes a plea of *nob() contendere* followed by a sentence, whether or not the sentence is suspended. (Standard Motor Vehicle Tort Interrogatory No. 25.)

**23. Identify** each **person,** other than a **person** intended to be called as a witness at trial, having discoverable information that tends to support a position that you have taken or intend to take in this action, including any claim for damages, and state the subject matter of the information possessed by that **person.** (Standard General Interrogatory No. **1.)**

**24. Identify** each **person** whom you expect to call as an expert witness at trial, state the matter on which the expert is expected to testify and a summary of the grounds for each opinion, and attach to your answers any written report made by the expert concerning these findings and opinions. (Standard General Interrogatory No. 2.)

**25.** If you intend to rely on any **documents** or other tangible things to support a position that you have taken or intend to take in the action, including any claim for damages, provide a brief description, by category and location, of all such **documents** and other tangible things, and identify all **persons** having possession, custody, or control of them. (Standard General Interrogatory No. 3.)

**26.** If any **person** carrying on an insurance business might be liable to satisfy part or all of a judgment that might be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment, **identify** that **person,** state the applicable policy limits of any insurance agreement under which the **person** might be liable, and describe any question or challenge raised by the **person** relating to coverage for this action. This includes any workers' compensation policy covering the Plaintiff. (Standard General Interrogatory No. 5.)

**27.** If you contend that the Plaintiff was an employee of yours at the time of the occurrence, state the facts upon which you rely.

EXHIBIT B

**28.** If you contend that the Plaintiff was an independent contractor at the time of the occurrence, state the facts upon which you rely.

Respectfully submitted,

GAFFIGAN & ASSOCIATES, LLC

Anthony A. Keder
6404 Ivy Lane, Ste 650
(301) 577 4600
Attorney for Plaintiff

# IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

BRANDON ROSEBORO        *
                                   *

5200 Call St, S.E.            *
Washington, DC 20019      *
                                   *

       Plaintiff            *
vs.                                 *      Civil Case No:   482543-V

FUTURE VAN LINES, LLC     *
                                   *

111 Washington Grove Lane    *
Washington Grove, MD 20880   *
Serve: Shlomo Dostekam, Owner/Resident Agent   *
111 Washington Grove Lane    *
Washington Grove, MD 20880   *
                                   *

and                                 *
                                   *

VECCHIO MCKETHEAN       *
                                   *

3020 14th St., N.W.Apt #105    *
Washington, D.C. 20009      *
                                   *
      Defendants        *

## PLAINTIFF BRANDON ROSEBORO'S REQUEST FOR PRODUCTION OF

## DOCUMENTS FOR DEFENDANT FUTURE VAN LINES, LLC

COMES NOW the Plaintiff, Brandon Roseboro, by and through

counsel Anthony A. Keder, Pursuant to Maryland Rule 2-422, and files the following Plaintiff's

Request for Production of Documents stating the following:

The requests herein are continuing in character so as to require you to file supplementary
documents if you obtain any additional documents before trial relevant to the requests made
herein.

## Instructions

(a)      In accordance with Rule 2-422, your response shall set forth the Request, and shall set
forth the Response.

**EXHIBIT B**

(b)     The pronoun "you" as used in (a), above, and throughout these Requests refers to the party to whom these Requests are addressed.

(c)     As used herein, the word "documents" and its cognates refer to all writings or other tangible or electronic records including but not limited to, all medical reports and records, charts, correspondence, notes, memoranda, minutes, inventory records, payroll records, corporate records, bank records, accounting records, logs, work reports, ledgers, books of account, tape or other recordings, contracts, files, photographs, depositions, hearing or trial transcripts, and all other writings or other data compilations of any nature or sort from which information can be obtained, whether inscribed by hand or mechanical, electronic, microfilm, photographic, or other means, as well as phonic (such as recording), or visual reproduction of any oral statement, conversation or event.

(d)     As used herein the word "document" includes all copies unless such copies (including any notations and marks thereon) are exact duplicates of documents that are produced.

(e)     This Request is directed to all documents within the possession, custody or control of Plaintiff, and also includes documents within the possession, custody or control of agents, persons or entities in privity with Plaintiff, including past or present attorneys.

(f)     As used herein, the term "relating to" and its cognates mean containing, recording, discussing, mentioning, noting, summarizing, referring to, commenting upon, describing, digesting, reporting, listing, analyzing, or studying the subject matter identified in a request.

(g)     With respect to any document withheld on a claim of privilege or immunity, provide a statement setting forth as to each such document:
    a. its date and the name of the sender(s) and author(s) of the document, and of the person(s) to whom copies were sent or made available;
    b. a brief description of the nature and subject matter of the document; and
    c. the legal and factual basis for the claim of privilege or immunity, including the statute, rule or decision relied upon in making the claim.

Subject to the foregoing, the Defendant is instructed to provide individual responses to the following Requests:

## Requests for Production of Documents

1.     **Produce** a complete copy of the contract of automobile liability insurance between you and any insurance carrier in effect at the time of the **occurrence.**

2. Produce all **documents** in your **possession** that you refer to or identify in codefendant answers to interrogatories.

3. If codefendant were driving a vehicle at the time of the **occurrence,** produce a copy of codefendant drivers license and complete driving record.

4. Produce all **documents** in your **possession** that contain or reflect statements of any and all **persons** who were witnesses to the **occurrence.**

5. Produce all **documents** in your **possession** that contain or reflect statements of any and all **persons** who were at or near the scene at the time of the **occurrence.**

6. Produce all other **documents** in codefendant **possession** that contain or reflect statements of any **persons** concerning the **occurrence.**

7. If codefendant were **in a vehicle** at the time of the **occurrence,** produce all **documents in possession** that identify any other **persons** who were **in that vehicle.**

8. If codefendant were **in a vehicle** at the time of the **occurrence,** produce all **documents in your possession** that contain or reflect the itinerary of the vehicle, including the time and place of the beginning of the trip, the time and duration of each stop, the destination, and the expected time of arrival.

9. If codefendant were engaged in any activity for an employer or other **person** at the time of the **occurrence,** produce all **documents** in your **possession** that reflect the nature of the activity and/or the identity of the employer or other person.

10. Produce all reports with respect to the **occurrence** that were made in the ordinary course of business that are in your **possession.**

11. Produce all photographs, videotapes, plats, diagrams, or other depictions of the scene or of things connected with the **occurrence** that are in your **possession.**

12. Produce all **documents** in your **possession** that contain or reflect "statements" as that term is defined in Rule 2-402 (d) given to you by any person, concerning the **occurrence.**

13. If codefendant were charged with any offenses arising out of the **occurrence,** produce all **documents** in your **possession** which reflect the nature of the charges, the court and case number, and the disposition of the charges.

14. If you contend that any party or other **person** not a party to this action caused or contributed to the **occurrence,** produce all **documents** in your **possession** that contain or reflect facts that support your contention.

15. If owned or were **in a vehicle** at the time of the **occurrence,** produce any and all **documents** in your **possession** related to the maintenance or repair of said vehicle for a period of three years prior to the **occurrence.**

16. If codefendant owned or were **in a vehicle** damaged as a result of the **occurrence,** produce any and all **documents** in codefendant **possession** that describe any

damage to the vehicle, the repairs made and/or the costs of such repairs and if the vehicle is unrepaired, the estimated cost of repairs.

17. If codefendant owned or were **in a vehicle** involved in the **occurrence,** produce any and all documents in codefendant possession which reflect when the vehicle was last repaired before the occurrence; the nature, dates and costs of the repairs; the **identity** of the persons making the repair; and/or the extent of any unrepaired damage to the vehicle immediately prior to the **occurrence.**

18. If you contend that mechanical failure caused or contributed to the **occurrence,** produce any and all **documents** in codefendant **possession** that support codefendant contention.

19. If codefendant were the driver of a vehicle involved in the **occurrence,** produce any and all **documents** in codefendant **possession** that document any disability, illness, disease, or injury that codefendant had that could affect codefendant ability to operate a motor vehicle, the nature and extent of the disability, illness, disease, or injury, and any treatment or evaluation by health care providers of the disability, illness, disease, or injury.

20. Produce any and all **documents** in your **possession** that reflect or describe any alcoholic beverages or drugs, whether controlled or otherwise, that you consumed within 24 hours before the **occurrence,** the places where they were obtained, the places where they were used, and the nature and amount used.

21. Produce any and all **documents** in your **possession** that contain or reflect the substance of all discussions concerning the **occurrence** that you or others had with any party to this case.

22. If at any time during the fifteen years period preceding the date of your responses to these Requests for Production of Documents, you have been convicted of any crime other than a minor traffic offense, produce any and all **documents** in your **possession** that contain or reflect for each conviction the nature of the charges convicted of, the court and case number, and the sentence imposed. For purposes of this request, a conviction includes a plea of *nob contendere* followed by a sentence, whether or not the sentence is suspended.

23. Produce copies of any medical reports or bills pertaining to any injury to Plaintiff in your possession.

24. Produce copies of any medical bills and reports relating thereto, that you have paid on behalf of Plaintiff in connection with injuries claimed from this occurrence.

25. Produce copies paid by you of any property damage claim, including repair estimates, total loss estimates, for property damage from this occurrence.

EXHIBIT B

26. Produce any and all **documents** in your **possession** that identify any **person,** other than a **person** intended to be called as an expert witness at trial, having discoverable information that tends to support a position that you have taken or intend to take in this action, including any claim for damages, and the subject matter of the information possessed by that **person.**

27. Produce any and all written reports of findings and opinions in your **possession** made by any expert with whom you have consulted in connection with this action.

28. Produce any and all **documents** or other tangible things in your **possession** that you intend to rely on to support a position that you have taken or intend to take in the action.

29. If any **person** carrying on an insurance business might be liable to satisfy part or all of a judgment that might be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment, produce any and all **documents** in codefendant **possession** that identify that **person,** reflect the applicable policy limits of any insurance agreement under which the **person** might be liable or describe any question or challenge raised by the **person** relating to coverage for this action. This includes any workers' compensation policy in effect at the time of the occurrence.

30. Produce a copy of your automobile insurance contract with any party in effect at the time of the occurrence.

31. Produce an itemized copy of bills supporting any sums for which you are claiming subrogation or paid on behalf of Plaintiff including to date of service covered and date of payment.

32. Please provide documents, evaluations, photographs of vehicles, appraisals, invoices, estimates, and copies of checks paid to any party in connection with a vehicle which was damaged as a result of this accident.

Respectfully submitted,

_____
Anthony A. Keder, Esquire
6404 Ivy Lane, Suite 650
Greenbelt, Maryland 20770
(301)577-4600
*Attorney for Plaintiff*